UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-23178 CIV-KING/GARBER

ROCHE DIAGNOSTICS OPERATIONS,
INC. and ROCHE DIAGNOSTICS GMBH,

       Plaintiffs,

v.

VITALCARE GROUP, INC., and CARIBBEAN
MEDICAL BROKERS, INC. d/b/a SPECIAL
MEDICAL SUPPLIES,

       Defendants.
_____/

## DEFENDANT VITALCARE GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant VITALCARE GROUP, INC. ("Defendant"), by its undersigned counsel, hereby submits its Answer and asserts its affirmative defenses to Plaintiffs ROCHE DIAGNOSTICS OPERATIONS, INC.'s and ROCHE DIAGNOSTICS GMBH's ("Plaintiffs") Complaint and state as follows:

## ANSWER

### PARTIES AND JURISDICTION

1. Roche Diagnostics Operations, Inc., is a Delaware corporation with its principal place of business in Indianapolis, Indiana.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.**

2. Roche Diagnostics GmbH is a German corporation with its principal place of business in Manheim, Germany.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.**

3. Upon information and belief, defendant VitalCare Group, Inc. ("VitalCare"), is a Florida corporation having a place of business in Miami, Florida.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

47/hd

CASE NO. 05-23178 CIV-KING/GARBER

**RESPONSE: Defendant admits the allegations contained in paragraph 3 of the Complaint.**

4. Upon information and belief, defendant, Caribbean Medical Brokers, Inc. d/b/a Specialty Medical Supplies ("SMS"), is a Florida corporation having a place of business in Coral Springs, Florida..

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.**

5. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 and § 1338(a).

**RESPONSE: Defendant admits the allegations contained in paragraph 5 of the Complaint.**

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400.

**RESPONSE: Defendant admits the allegations contained in paragraph 6 of the Complaint.**

7. Roche Diagnostics GmbH ("GmbH") is the owner of Roche Diagnostics Operations, Inc. ("collectively Roche"), is the exclusive licensee of U.S. Patent No. RE 35,803 ("the '803 Patent') "Blood Lancet Device for and Method Withdrawing Blood for Diagnostic Purposes" which issued on May 19, 1998. A copy of the '803 Patent is attached as Exhibit A.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.**

8. Roche sells Accu-Check® Solflex™ lancet devices, an embodiment of the invention of the '803 Patent, in the United States and grants users of the device a restricted license to use the device with Acu-Chek® Softclix™ lancet.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.**

PATENT INFRINGEMENT AGAINST VITALCARE

9. Upon information and belief, defendant, VitalCare, is importing, offering for sale and selling in the United States lancets especially made and sold for use in Roche's Accu-Chek® Softclix™ lancet device.

**RESPONSE: Defendant denies the allegations contained in paragraph 9 of the Complaint.**

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO. 05-23178 CIV-KING/GARBER

    10.    VitalCare sells its lancets in the United States without Roche's permission.

**RESPONSE: Defendant denies the allegations contained in paragraph 10 of the Complaint.**

    11.    The use and/or incorporation of VitalCare's lancets with Roche's AccuChek® Softclix™ lancet device directly infringes the '803 Patent.

**RESPONSE: Defendant denies the allegations contained in paragraph 11 of the Complaint.**

    12.    VitalCare has actively induced others to infringe the '803 Patent and has contributed to the infringement of the '803 Patent.

**RESPONSE: Defendant denies the allegations contained in paragraph 12 of the Complaint.**

    13.    As a result of VitalCare's infringement, Roche has been damaged in an amount to be determined at trial and has suffered and will continue to suffer irreparable harm.

**RESPONSE: Defendant denies the allegations contained in paragraph 13 of the Complaint.**

    14.    VitalCare will continue to infringe unless enjoined by this Court.

**RESPONSE: Defendant denies the allegations contained in paragraph 14 of the Complaint.**

    15.    Upon information and belief, VitalCare's infringement of the '803 Patent is willful.

**RESPONSE: Defendant denies the allegations contained in paragraph 15 of the Complaint.**

<u>PATENT INFRINGEMENT AGAINST SMS</u>

**RESPONSE: As to paragraphs 16 through 22 of the Complaint, Plaintiff seeks no relief against VitalCare, thus no responses to those averments are required.**

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

Plaintiffs have failed to set forth sufficient material facts to support a cause of action

<u>LEE & AMTZIS, P.L.</u>
ATTORNEYS AT LAW

CASE NO. 05-23178 CIV-KING/GARBER

against VitalCare for infringement, whether direct, inducing or under the doctrine of contributory infringement.

## SECOND AFFIRMATIVE DEFENSE

The '803 patent-in-suit referenced in the Complaint is invalid as to the lancets manufactured by VitalCare, for failure to satisfy the requirements of 35 U.S.C., Parts II and III, including, without limitation §§ 101, 102, 103 and 112.

## THIRD AFFIRMATIVE DEFENSE

The lancets sold by VITALCARE are a staple article or commodity of commerce which is suitable for a substantial non-infringing use, thereby barring relief herein.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking the relief sought herein based upon the repair doctrine.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery herein based upon antitrust and patent misuse.

## SIXTH AFFIRMATIVE DEFENSE

The lancet referenced in the various claims of the '803 patent-in-suit, as set forth in its description, is a non-patented component which has no protection under applicable patent laws. Plaintiff's patent references prior lancet art, including Higgins, U.S. Pat. No. 3,358,689.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves its right to assert prosecution history estoppel as an affirmative defense upon further review of discovery obtained in this matter.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant, Defendant has acted in good faith and is therefore immune from liability and damages. Defendant obtained the opinion of counsel with regard to its lancets and counsel concluded that Defendant is not infringing the '803 patent-in-suit. Moreover, Defendant has been granted at least two U.S. patents based upon the method of manufacturing the lancets

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO. 05-23178 CIV-KING/GARBER

alleged in the Complaint to infringe the '803 patent-in-suit.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the equitable doctrine of laches.

Defendant reserves the right to assert additional affirmative defenses as discovery proceeds in this matter.

WHEREFORE, Defendant VITALCARE GROUP, INC. respectfully requests:

1. The Court enter judgment in their favor and against Plaintiff, dismissing Plaintiff's claim with prejudice;

2. Award Defendant its attorney's fees and costs; and

3. Such other and further relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this date by U.S. Mail on all counsel of parties of record on the attached service list.

Dated: April 5, 2006                    Respectfully submitted,
       Boca Raton, Florida

                                        _____
                                        Wayne H. Schwartz (907390)
                                        schwartz@leeamlaw.com
                                        Lee & Amtzis, P.L.
                                        5550 Glades Road, Suite 401
                                        Boca Raton, FL 33431
                                        Telephone: (561) 981-9988
                                        Facsimile: (561) 981-9980
                                        Attorneys for Defendant
                                        VITALCARE GROUP, INC.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO. 05-23178 CIV-KING/GARBER

## SERVICE LIST

Janet T. Munn, Esq.
jmunn@shutts-law.com
Shutts & Bowen LLP
1500 Miami Center
201 S. Biscayne Blvd.
Miami, FL  33131
Telephone:  (305) 415-9459
Facsimile:  (305) 415-9859
Attorneys Plaintiffs
for Roche Diagnostics Operations, Inc.
and Roche Diagnostics GMBH

Nancy G. Tinsley, Esq.
Baker & Daniels
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone:  (317) 237-0300
Attorneys Plaintiffs
for Roche Diagnostics Operations, Inc.
and Roche Diagnostics GMBH

Richard S. Vermut, Esq.
Rogers Towers
1301 Riverplace Boulevard
Jacksonville, FL  32207
Attorneys for Defendant Caribbean
Medical Brokers, Inc.

Wayne H. Schwartz, Esq.
schwartz@leeamlaw.com
Lee & Amtzis, P.L.
5550 Glades Road, Ste. 401
Boca Raton, FL  33431
Telephone:  (561) 981-9988
Facsimile:  (561) 981-9980
Attorneys for Defendant
Vitalcare Group, Inc.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW